**MORGAN, LEWIS & BOCKIUS LLP**
Brian A. Herman
Dina R. Kaufman
Simon Chang
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Telephone:  212.309.6000
Fax: 212.309.6001
brian.herman@morganlewis.com
dina.kaufman@morganlewis.com
simon.chang@morganlewis.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINE KRISTEL-PAPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant JPMorgan Chase Bank, N.A. ("Chase") (incorrectly referenced in the Complaint at times as "JP Morgan Chase & Co."), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby gives notice of removal of this matter to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. § 1332(d).  The grounds for removal are as follows:

Pursuant to Rule 81.1 of the Local Civil Rules, Chase avers as follows: Chase is a national banking association with its main office in the City of Columbus, County of Franklin, State of Ohio. Plaintiff alleges she resides in New York County, New York.

## I.     SUMMARY OF COMPLAINT & STATE COURT ACTION

1.     On or about November 19, 2018, Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York, County of New York, captioned as *Kristine Kristel-Papp on behalf of herself and all others similarly situated v. JPMorgan Chase Bank, N.A.*, Index No. 655788/2018. A true and correct copy of the Summons with Notice is attached hereto as Exhibit A.

2.     On or about March 18, 2019, the New York Secretary of State, as authorized agent for Defendant, was served with a copy of the Summons with Notice.

3.     On or about April 5, 2019, Chase filed a Demand for Service of the Complaint. A true and correct copy of the Demand for Service of the Complaint is attached hereto as Exhibit B.

4.     On or about April 25, 2019, Plaintiff filed a Class Action Complaint (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit C.

5.     No other proceedings have been held in the Supreme Court of the State of New York, County of New York,[1] and the Summons with Notice and the Complaint constitute all processes and pleadings served upon any captioned defendant, including Chase in this case.

---

[1] On May 9, 2019, the parties entered into a Stipulation to Extend the Time to Move, Answer, or Otherwise Respond to the Complaint.

A. **Nature of the Action in the Complaint**

6. Plaintiff alleges that (i) she entered into a mortgage contract and note with Chase in 2011, (ii) the terms of the mortgage and note did not include a prepayment penalty, (iii) she refinanced her loan with a third-party lender in 2012, (iv) in connection with the refinance, she was charged a $375.00 fee, labeled "TRI STATE XFER FEE"; and (v) the fee allegedly constitutes a "prepayment penalty." Compl. ¶¶ 10-23.

7. Plaintiff first alleges that Chase assessed the "Tri State Xfer Fee" on "hundreds if not thousands" of residential mortgages in New York when mortgages were paid off early or refinanced. *Id.* ¶ 24. Plaintiff also contends that "the Class encompasses thousands of individuals who are geographically dispersed throughout the United States, including within the State of New York." *Id.* ¶ 27.

8. Based upon these allegations, Plaintiff asserts claims against Chase for breach of contract and unjust enrichment. *Id.* ¶¶ 32-42.

9. On behalf of a putative class of similarly situated individuals, Plaintiff seeks actual damages together with prejudgment interest, restitution of all sums of Chase's unjust enrichment, attorneys' fees and costs, and other unspecified relief. *Id.* at Prayer for Relief. Plaintiff does not specify an actual damages amount.

10. In the Complaint, Plaintiff defines the proposed class as "[a]ll persons who have been obligors on mortgages on property located in New York serviced by JPMorgan and/or one of its named servicers, and who were charged the TRI STATE XFER fee when prepaying or refinancing that mortgage loan." *Id.* ¶ 25.

## II.      THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

11. The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 133 S. Ct. 547, 554 (2014).

12. CAFA confers upon the federal courts subject matter jurisdiction over, and thus makes removable, any class action in which:  (i) there is minimal diversity (i.e., any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).

13. As a result of the putative class that Plaintiff seeks to certify,[2] all of the elements of CAFA jurisdiction are met:  minimal diversity exists; there are more than 100 class members; the aggregate amount in controversy exceeds $5 million; and no CAFA exception applies.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).

### A.      Minimal Diversity Of Citizenship Exists

14. This matter satisfies CAFA's diversity requirement, which requires a party seeking removal to show only that minimal diversity exists – that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

15. Plaintiff is a citizen of and resides in New York.  *See* Compl., ¶ 8.

16. Contrary to Plaintiff's allegations, Chase is a national banking association with its principal place of business in Ohio.  *See, e.g., Excelsior Funds, Inc. v. JPMorgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D.N.Y. 2006) (JPMorgan Chase Bank N.A. "is a national banking

---

[2] Chase disputes, and reserves the right to contest at the appropriate time, Plaintiff's allegation that this case can properly be certified and proceed as a class action.

association with its main office in the State of Ohio, as designated in its articles of association");  *see also*, https://www.sec.gov/Archives/edgar/data/1062336/000119312504207055/dex991.htm.  The Supreme Court has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank N.A., v. Schmidt*, 546 U.S. 303, 307 (2006); *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

17. Because Plaintiff is a citizen of New York and Chase is a citizen of Ohio, at least one putative class member is a citizen of a state different from a defendant.  Thus, minimal diversity exists for purposes of removal under CAFA.

### B. There Are More Than 100 Class Members

18. Plaintiff seeks relief on behalf of a class of all individuals who have been obligors on mortgages concerning property located in New York serviced by Chase and/or one of its named servicers, who were charged the "Tri State Xfer Fee." Compl. ¶ 25.

19. Plaintiff asserts that the Tri State Xfer Fee was assessed on "hundreds if not thousands of residential mortgages in New York," thus "breaching the agreements of hundreds if not thousands of Class members' agreements." *Id*. ¶ 24.  Moreover, Plaintiff claims that the "Class encompasses thousands of individuals." *Id*. ¶ 27.  Therefore, the 100 class member requirement is met.

### C. The Amount-In-Controversy Exceeds $5 Million

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.  The Supreme Court has made it clear that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

21.     CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount-in-controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6).

22.     Here, although Chase disputes that the assessment of the "Tri State Xfer Fee" breaches Plaintiff's note or security agreement, that Chase is liable to Plaintiff for any relief, or that Plaintiff is entitled to any recovery from Chase, Plaintiff has put in controversy more than $5 million, as described in more detail below.

23.     Here, Plaintiff alleges that all class members have "sustained damages which include, but are not limited to, the loss of funds" when Chase assessed them a $375.00 fee. Compl. ¶¶ 35-36.  The Complaint does not specify an explicit amount of monetary damages sought or set forth facts from which an amount in controversy could be ascertained.

24.     Chase has conducted its own investigation to determine whether this purported class action could be removed to federal court, and has determined there is a reasonable probability that the amount-in-controversy exceeds $5 million.

25.     Chase has determined that the number of persons who have been assessed the TriState Xfer Fee when refinancing a mortgage loan on property located in New York since November 19, 2012 exceeds 13,333 persons, bringing the amount-in-controversy to greater than $5 million.

26.     Chase disputes that Plaintiff is entitled to any form of relief on her breach of contract or unjust enrichment claims, much less on a class basis.  Nonetheless, because the aggregate amount in controversy exceeds $5 million, CAFA removal is appropriate.

### D. No CAFA Exception Applies

27. The "local controversy" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(A) is inapplicable because Chase – the only Defendant in this case – is not a citizen of New York.  It is a citizen of Ohio.

28. Likewise, the "home state" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(B) is inapplicable because the "primary defendant," Chase, is not a citizen of New York.  It is a citizen of Ohio.

### III. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

29. This Notice of Removal is timely filed with this Court because neither of the two listed 30-day periods in 28 USC § 1446(b) has been triggered: the initial pleading was indeterminate with respect to removability and no amended pleading, motion, order, or other document stating the amount in controversy has been filed.  Chase undertook its own investigation and determined that the case is removable.  *See Cutrone v. Mortg. Elec. Registration Sys, Inc.*, 749 F.3d 137, 139, 145 (2d Cir. 2014) (holding defendant may remove case when it determines the case is removable and plaintiff's papers fail to trigger the removal clocks of  U.S.C. §§ 1446(b)(1) and (b)(3)).

30. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a) because it is the judicial district embracing the Supreme Court of the State of New York, County of New York, the place where the state court action was brought and is pending, and therefore is the proper district court to which this case should be removed.

31. Pursuant to 28 U.S.C. § 1446(d), Chase is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action.  Further,

pursuant to 28 U.S.C. § 1446(d), Chase will file a true and correct copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York and will properly give Plaintiff written notice of this filing.

32. By filing a Notice of Removal in this matter, Chase does not waive its right to assert any and all defenses and/or objections in this case.

33. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

34. The undersigned is counsel for and is duly authorized to effect removal on behalf of Chase.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that this action be removed from the Supreme Court of the State of New York, County of New York and that this Court take jurisdiction over further proceedings.

MORGAN, LEWIS & BOCKIUS LLP

DATED: June 21, 2019

*/s/ Brian A. Herman*
Brian A. Herman
Dina R. Kaufman
Simon Chang
101 Park Avenue
New York, NY 10178-0060
Telephone: 212.309.6000
Fax: 212.309.6001
brian.herman@morganlewis.com
dina.kaufman@morganlewis.com
simon.chang@morganlewis.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*