**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

KRISTINE KRISTEL-PAPP, individually and on behalf of all others similarly situated,

           Plaintiff,

  -v.-

JPMORGAN CHASE BANK, N.A.,

           Defendant.

Index No.: 655788/2018

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Kristine Kristel-Papp ("Plaintiff"), individually and on behalf of all others similarly situated, for their complaint against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMorgan"), allege upon information and belief, except as to the allegations which pertain to Plaintiff and their counsel, which claims are based on personal knowledge, as follows:

### SUMMARY OF ALLEGATIONS

1.     JPMorgan engages in the practice of mortgage banking in New York and many other States throughout the United States. JPMorgan advertises and sells mortgage loans using standard form contracts. In many cases, those standard form contracts contain express terms governing the mortgage contract between JPMorgan and any borrower. One such term specifies that the borrower will not incur any prepayment penalty in the event the loan is paid off early.

2.     Plaintiff entered into a mortgage contract and note with JPMorgan in 2011 (the "Mortgage & Note") with the express written condition that no prepayment penalty would be

assessed to Plaintiff in the event the mortgage was paid-off early. Nor did JPMorgan disclose that any fees would be assessed if the mortgage was paid off early.

3. However, less than 18 months after the parties entered into the Mortgage & Note, Plaintiff refinanced her loan with TD Bank. As a result of the refinancing, JPMorgan assessed Plaintiff a $375 fee, known as the "TRI STATE XFER" fee on November 19, 2012. Plaintiff paid the fee and the Mortgage and Note were fully satisfied.

4. Under the Mortgage & Note, JPMorgan had no contractual right to assess any fees related to the prepayment of the Mortgage & Note, and therefore breached the Mortgage & Note by assessing the "TRI STATE XFER" fee.

5. On information and belief, JPMorgan has wrongfully assessed the "TRI STATE XFER" fee on thousands of mortgagees through New York state when their mortgage loans are paid off prior to the maturity dates. In so doing, JPMorgan has bilked consumers out of hundreds of thousands of dollars.

## JURISDICITON AND VENUE

6. Jurisdiction of this Court is found upon C.P.L.R. § 302 in that Respondents transact business within the State and committed the acts described here within this State.

7. Venue lies in this Court pursuant to C.P.L.R. §§ 503(a), (c) and (d) and other laws in that one or more Respondents are authorized to transact business in this State and have their principal office located in the State and County of New York; and C.P.L.R. §509 in that Plaintiff has designated New York County for the trial.

## PARTIES

8. Plaintiff Kristine Kristel-Papp is a resident of New York.

9. Defendant JP Morgan Chase & Co. is a Delaware corporation headquartered at 270 Park Avenue, New York, New York 10017, with offices in New York and New Jersey. JP Morgan originates and services residential mortgages throughout the United States.

## FACTUAL ALLEGATION

10. Beginning on or about June 6, 2011, Plaintiff reached out to representatives at JPMorgan seeking rates for a 30-year mortgage to partially fund the purchase of a cooperative apartment located at 340 East 80th Street in Manhattan (the "Coop Apartment").

11. Plaintiff and JPMorgan agreed that among the standard terms for the mortgage would include no prepayment penalty.

12. Soon thereafter, Plaintiff and her husband applied to JPMorgan for a mortgage loan to partially pay for the Coop Apartment. When the mortgage loan was approved, JPMorgan issued a commitment letter on June 15, 2011.

13. On or about August 8, 2011, Plaintiff and her husband, Scott Papp, attended the closing for the Coop Apartment and entered into the Mortgage & Note with JPMorgan to borrow money to purchase the Coop Apartment.

14. As agreed, the terms of the Mortgage & Note did not include any prepayment penalty.

15. Between September 2011 and November 2012, Plaintiff paid all monthly payments that were due and owing under the Mortgage & Note.

16. On or about, October 2012, Plaintiff decided to refinance the Mortgage & Notice to obtain a lower interest rate. To do so, Plaintiff and her husband applied for a refinance loan with TD Bank. That application was approved on or about November 2012.

17. On or about December 22, 2012, JPMorgan transmitted the December 2012 statement to Plaintiff which included the regular mortgage payment of $2,720.91, but also included a fee for $375.00 that was labeled "TRI STATE XFER ASSESSED." On information and belief, this fee of $375.00 was directly related to Plaintiff efforts to pay off the Mortgage & Note and represented a Prepayment penalty.

18. On or about January 2, 2013, Plaintiff paid JPMorgan the month mortgage payment of $2,720.91.

19. On or about February 1, 2013, Plaintiff paid JPMorgan the month mortgage payment of $2,720.91.

20. On or about February 4, 2013, TD Bank presented the payoff balance to JPMorgan in the amount of $485,171.07 ("the Final Payment"). When the Final Payment was made to JPMorgan, it covered the principal remaining balance and any other charges and fees, including the TRI STATE XFER of $375.00.

21. On or about February 7, 2013, JPMorgan issued its final statement to Plaintiff concerning the Mortgage & Note reflecting that the remaining unpaid principal was paid and that the TRI STATE XFER fee was "PAID."

22. At no time did JPMorgan disclose that a TRI STATE XFER fee would be assessed if the Mortgage & Note were paid off early or refinanced.

23. The TRI STATE XFER fee was a prepayment penalty that was specifically not permitted under the terms of the Mortgage & Note.

24. On information and belief, JPMorgan assessed the TRI STATE XFER fee on hundreds if not thousands of residential mortgages in New York when those mortgages were

paid off early or refinanced, thus breaching the agreements of hundreds if not thousands of Class members' agreements.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this suit as a class action on behalf of herself and all others similarly situated (the "Class") pursuant to C.P.L.R. 901 and 902. Plaintiff seeks to represent the following class:

> All persons who have been obligors on mortgages on property located in New York serviced by JPMorgan and/or one of its named servicers, and who were charged the TRI STATE XFER fee when prepaying or refinancing that mortgage loan. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

26. Plaintiff reserves the right to re-define the Class prior to moving for class certification.

27. Plaintiff does not know the exact size or identities of the proposed Class, since such information is in the exclusive control of the Defendant. Plaintiff, however, believes that the Class encompasses thousands of individuals who are geographically dispersed throughout the United States, including within the State of New York. Therefore, the number of persons who are members of the Class described above are so numerous that joinder of all members in one action is impracticable.

28. Questions of law and fact that are common to the entire Class predominate over individual questions because JPMorgan's actions complained of herein were generally applicable to the entire Class. These legal and factual questions include, but are not limited to:

    a.    The nature, scope and operations of JPMorgan's wrongful practices;

    b.    Whether JPMorgan breached its form contracts, actual or implied, with Plaintiff and Class members;

    c.    Whether JPMorgan breached the covenant of good faith and fair dealing with Class members;

    d.    Whether JPMorgan was unjustly enriched by its wrongful conduct at the expense of Plaintiff and Class members;

    e.    operative time period and extent of JPMorgan's wrongful conduct; and

    f.    Whether Plaintiff and the Class suffered similar damages as a result of JPMorgan's breach of contract and, if so, the proper measure of damages.

29.    Plaintiff's claims are typical of the members of the Class because Plaintiff and all Class members were injured by the same wrongful practices of Defendant as described in this Complaint. Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories. Plaintiff has no interests that are contrary to or in conflict with those of the Class she seeks to represent.

30.    Questions of law or fact common to the members of the Class predominate and a class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by Class members are likely to exceed a million dollars, the individual damages incurred by each Class member resulting from JP Morgan's wrongful conduct are, as a general matter, too small to warrant the expense of individual suits. The likelihood of individual Class members' prosecuting separate claims is remote and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or

contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action and certification of the Class under CPLR 901 is proper.

31. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under CPLR 901 proper.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

32. Plaintiff re-alleges and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

33. Plaintiff and JPMorgan entered into the Mortgage & Note, which were binding legal agreements, on August 8, 2011. Similarly, Class members entered into substantially similar mortgage and note agreement.

34. These agreements were supported by valuable consideration.

35. JPMorgan intentionally breached the Mortgage & Note agreement, as well as the mortgage and note agreements of all Class members, by assessing a $375.00 fee that it was not entitled to under the mortgage agreements.

36. As a result of the breach, Plaintiff and Class members' have sustained damages which include, but are not limited to, the loss of funds.

37. JPMorgan is liable for breach of contract.

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment

38. Plaintiff re-alleges and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

39. Defendant financially-benefited from its unlawful acts. As alleged herein, Defendant assessed a $375.00 fee that it was not entitled to at the expense of Plaintiff and the Class.

40. These unlawful acts caused Plaintiff and other members of the Class to suffer injury and lose money.

41. As a result of the foregoing, it is unjust and inequitable for Defendant to have enriched themselves in this manner at the expense of Plaintiff and members of the Class, and the circumstances are such that equity and good conscience require Defendant to make restitution.

42. Defendant should pay restitution for its own *unjust* enrichment to Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant the requested relief as follows:

a. for an Order certifying this lawsuit as a class action pursuant to CPLR 901 and 90, designating Plaintiff as the Class representative, and appointing her counsel as Class counsel;

b. for a Judgment awarding Plaintiff and the Class damages against Defendant for their breaches of contract, together with prejudgment interest at the maximum rate allowable by law;

    c.    for a Judgment awarding Plaintiff and the Class restitution of any and all sums of Defendant's unjust enrichment;

    d.    for an award to Plaintiff and the Class of their costs of suit, including reasonable attorneys' and experts' fees and expenses; and

    e.    for such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated:   April 25, 2019
            Hawthorne, NY

**LAW OFFICE OF MICHAEL T. O'LEARY, PLLC**

s/ Michael T. O'Leary_____
Michael T. O'Leary
151 Broadway
Hawthorne, NY 10532
Tel. (917) 846-3354
Fax. (914) 495-3051
molearylawyer@gmail.com

*Counsel for Kristine Kristel-Papp and the Putative Class*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                              Index No. 705920/14

JAMES INIGUEZ,

      Plaintiff(s),

         -against-

THE CITY OF NEW YORK, CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC., VERIZON NEW
YORK, INC., and THE HALCYON CONSTRUCTION
CORP.,

      Defendants.

## COMPLAINT

Law Office of Michael T. O'Leary, PLLC
Attorneys for Plaintiffs
151 Broadway
Hawthorne, NY 10532
(917) 846-3354

**All Documents Contained Herein Certified Pursuant to Rule 130 By:** *s/ Michael T. O'Leary*
                                                                                                             **Michael T. O'Leary**

**STATE OF NEW YORK, COUNTY OF WESTCHESTER:**     **(If more than one box check - indicate after names type of service used)**

      I, Michael T. O'Leary, affirm pursuant to the CPLR that I am an attorney duly admitted to practice law within the Courts of the State of New York and that I am not a party to the action, am over 18 years of age and reside in Westchester NY and on _____, 2019 I served the within Complaint

X    by downloading a copy of same via NYSCEF and by depositing a true copy thereof enclosed in a post-paid wrapper in an official Mail depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name: Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, NY 10178

    Dated:   Hawthorne, NY
                     , 2019                _____
                                                                 Michael T. O'Leary